**In re Bruce G. FAGEL, A Law Corporation, Debtor.**

**Bankruptcy No. LA–99–16480–SB.**

United States Bankruptcy Court, C.D. California.

June 1, 1999.

James I. Stang, Pachulski, Stang, Ziehl & Young, P.C., Los Angeles, CA, for Debtor.

Sanford Frey, Robinson, Diamant, Brill & Kollitz, LLP, Los Angeles, CA, for creditors Ruby Morales, Robert Morales and Denielle Morales.

## AMENDED OPINION GRANTING MOTION FOR TURNOVER OF PROPERTY, WITH CONDITIONS

SAMUEL L. BUFFORD, Bankruptcy Judge.

Bruce G. Fagel, a Law Corporation is the debtor in this professional law corporation chapter 11 bankruptcy case. Debtor's principal Bruce G. Fagel has also filed a chapter 11 case. Both the corporation and the individual filed their chapter 11 cases after they jointly lost a legal malpractice action in Los Angeles County Superior Court. The jury, in a trial presided over by Judge Paul Boland, awarded a judgment for more than $15 million, plus damages of $250,000 for intentional infliction of emotional distress to Ruby Morales and her parents Robert and Denielle Morales. The inability of either debtor to post a bond pending appeal of this judgment led to the filing of the bankruptcy petitions.

In an unrelated action, the debtor law corporation was legal counsel for plaintiff Lauren Young in a medical malpractice case in the Sacramento County Superior Court. Pursuant to a settlement in the Young case, debtor earned a contingency fee of $461,666. After Morales filed a *lis pendens* in the Young case, the Sacramento County Superior Court ordered that the check for the contingency fee be made payable jointly to the debtor and the "Superior Court of the State of California." That court further ordered:

> Said check is to be impounded and deposited in the Superior Court's Trust Account in Judge Boland's jurisdiction for Judge Boland in Los Angeles County to disburse as he deems appropriate.

At the same time the Sacramento court ordered the expungement of the *lis pendens*, and transferred the Young case to the Los Angeles County Superior Court.

After the filing of this bankruptcy case, counsel for the debtor sent a letter by fax to Judge Boland to request that he turn over the funds to the debtor, in care of its counsel. Counsel for Morales faxed to

Judge Boland an objection, and the debtor's counsel faxed a reply. These letters were highly improper. The only proper manner for counsel to communicate with a judge in a pending case is to file a motion, which normally must be set for a hearing. Judge Boland recognized this requirement, and issued a minute order directing counsel to file a properly noticed motion and opposition thereto. Debtor now moves this Court to order Judge Boland to turn over the funds to it as debtor in possession.

■ The court notes that the relief requested would be directed to the wrong party. Judge Boland is not in custody of the funds at issue. His minute order clearly orders the deposit of the funds with the Los Angeles County Superior Court pending further order of that court. Thus that court, and not Judge Boland, is in possession of the funds.

In addition, the court considers it improper to issue an order to Judge Boland.[1] Such an order would offend both the interests of comity and the mutual respect that federal and state courts should show one another, on which this court places great importance.

■ Further, the court must consider the doctrine of *custodia legis* (which is not to be confused with the status of the property here at issue as *in custodia legis*). Under that doctrine, the court that first obtains custody of property is the court to administer the property. *See Morgan Guaranty Trust Co. v. Hellenic Lines Ltd.,* 585 F.Supp. 1227, 1229 (S.D.N.Y.1984). Absent an applicable exception, the *custodia legis* doctrine would require this court to defer to the Los Angeles County Superior Court to determine the distribution of the funds here at issue.

■ However, the *custodia legis* doctrine does not apply where the property at issue becomes part of a bankruptcy estate because of the filing of a chapter 11 bankruptcy case.[2] *See id.* Where such a case has been filed, the goal of reorganization requires the supervision of a single court, the bankruptcy court. *See id.* In consequence, the Bankruptcy Code governs the disposition of such property. Furthermore, the bankruptcy court has exclusive jurisdiction over any dispute concerning the disposition of the property. *See Coastal Prod. Credit Assoc. v. Oil Screw "Santee",* 51 B.R. 1018, 1020 (S.D.Ga.1985).

■ Because the funds in this case are *in custodia legis* in the Los Angeles County Superior Court, however, this court considers it inappropriate to order that the Superior Court disburse the funds directly to the debtor. Instead, the court considers it more appropriate that the funds be transferred to this court for disposition upon further order of this court. Thus the funds will remain *in custodia legis* pending such further order.

Accordingly, the Court hereby orders that the parties do what is necessary and appropriate to accomplish the transfer of the funds from the Los Angeles County Superior Court to the registry of this court. The parties may stipulate to such a transfer. If the Moraleses are not willing so to stipulate, the debtor is authorized to file a noticed motion in the Superior Court, as suggested in the minute order of Judge Boland, for the transfer of the funds to this court. If the debtor proceeds by such

---

1. Judge Boland is a very highly respected superior court judge, and former chair of the committee on judicial ethics of the California Judges Association. His spouse, Judge Margaret M. Morrow, is a district judge in this judicial district. The court gives no weight to these factors: the outcome of this motion would be the same for any state court jurist.

2. It appears that the *custodia legis* doctrine would also be inapplicable where property of the estate is in the custody of another court in a chapter 7 case, and no secured creditor is claiming the property in that court. *See, e.g., Morgan Guaranty Trust Co. v. Hellenic Lines Ltd.,* 585 F.Supp. 1227, 1229 (S.D.N.Y.1984) (chapter 7 case where property was claimed by holder of maritime lien, and thus the *custodia legis* doctrine applied).

a noticed motion, the court further orders that the Moraleses are prohibited from opposing that motion. This prohibition is issued pursuant to this court's power under Bankruptcy Code § 105 to "issue any order ... that is necessary and appropriate to carry out the provisions of [Title 11]." 11 U.S.C. § 105 (West 1998).